NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0007n.06

**No. 20-1455**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 05, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES KOST; MOLLY KANDLE-KOST, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| HONORABLE SUZANNE HOSETH | ) | |
| KREEGER, in her official capacity, | ) | **OPINION** |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SILER, CLAY and GRIFFIN, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiffs James Kost and Molly Kandle-Kost ("the Kosts") appeal the district court's dismissal of their complaint against a Michigan state court judge, the Honorable Suzanne Hoseth Kreeger of the Eighth Circuit Court, under the *Rooker-Feldman* doctrine. Because Plaintiffs' suit is effectively an impermissible appeal of a state court's judgment, we **AFFIRM** the district court's determination that it lacked subject matter jurisdiction over this case.

This appeal represents the latest chapter in a decade-long property dispute between the Kosts and their neighbors. However, until the filing of Plaintiffs' federal complaint against Judge Hoseth Kreeger in November 2019, this dispute had been adjudicated entirely by, and at all levels of, the Michigan state judiciary. As relevant here, Judge Hoseth Kreeger determined that the Kosts had, under Michigan law, abandoned their easement in a platted road through both nonuse and their affirmative conduct. The Kosts appealed Judge Hoseth Kreeger's order, and the Michigan Court of Appeals affirmed. The Michigan Supreme Court denied leave to appeal in January 2019.

In this litigation, Plaintiffs raise a number of arguments that Judge Hoseth Kreeger erred in determining that they had abandoned certain property rights. But under the *Rooker-Feldman* doctrine, district courts may not consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is derived from 28 U.S.C. § 1257, which "vests sole jurisdiction" to "conduct[] appellate review of final state-court judgments" in the Supreme Court. *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012).

"We determine whether *Rooker-Feldman* bars a claim by looking to the 'source of the injury the plaintiff alleges in the federal complaint.' If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). To determine the source of a plaintiff's injury, a court must look to the requested relief. *Id.*

Applying these well-established standards, Plaintiffs' federal suit is barred by the *Rooker-Feldman* doctrine. In their complaint, Plaintiffs assert "[t]his case seeks to challenge a state judicial decision . . . ." (Compl., R. 1, Page ID #2) Accordingly, the self-declared source of Plaintiffs' injury is Defendant's state-court judgment. This conclusion is confirmed by reference to Plaintiffs' request that the district court "grant declaratory and/or injunctive relief after finding that actions, outcome, and/or judicial decision by Defendant SUZANNE HOSETH KREEGER violates the Fifth and/or Fourteenth Amendments to the United States Constitution and enjoin/invalidate the same . . . ." (*Id.* at Page ID #8) Accordingly, Plaintiffs' assertion on appeal that they are not seeking

to vacate or reject the state court's judgment is not well-taken. While *Rooker-Feldman* "applies only to an exceedingly narrow set of cases," this is one of them. *VanderKodde*, 951 F.3d at 400.

For the reasons set forth above, we **AFFIRM** the district court's order.